USDC SCAN INDEX SHEET

















SMV    1/23/06    9:27

3:06-CV-00132    ORGANIZATION FOR THE V. U-HAUL CENTER OF 43

*1*

*CMP.*

**PINNOCK & WAKEFIELD**
A Professional Corporation
Theodore A. Pinnock, Esq.      Bar #: 153434
David C. Wakefield, Esq.       Bar #: 185736
Michelle L. Wakefield, Esq.    Bar #: 200424
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
Telephone:  619.858.3671
Facsimile:  619.858.3646

Attorneys for Plaintiffs

FILED
06 JAN 20 AM 9: 07
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES WITH DISABILITIES, SUING ON BEHALF OF DAVID SINGELTARY AND ITS MEMBERS; and DAVID SINGELTARY, An Individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>U-HAUL CENTER OF 43RD STREET; U-HAUL CO OF CALIFORNIA; AMERCO REAL ESTATE CO (Company/Corporation); And DOES 1 THROUGH 10, Inclusive<br><br>        Defendants. | Case No. 06CV 0132 L    CAB<br><br>CIVIL COMPLAINT:<br>DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS<br>[42 U.S.C. 12182(a) ET. SEQ]<br><br>DEMAND FOR JURY TRIAL<br>[F.R.Civ.P. rule 38(b)] |

## INTRODUCTION

Plaintiffs ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES WITH DISABILITIES, SUING ON BEHALF OF DAVID SINGELTARY AND ITS MEMBERS; and DAVID SINGELTARY, An Individual, herein complain, by filing this Civil Complaint in accordance with rule 8 of the

1

Federal Rules of Civil Procedure in the Judicial District of the United States District Court of the Southern District of California, that Defendants have in the past, and presently are, engaging in discriminatory practices against individuals with disabilities, specifically including minorities with disabilities. Plaintiffs allege this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal access simply by the executive branch of the Federal Government funding and promoting voluntary compliance efforts. Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers. Therefore, Plaintiffs make the following allegations in this federal civil rights action:

## JURISDICTION AND VENUE

1.  The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq. Venue in the Judicial District of the United States District Court of the Southern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the Southern District of California.

2.  Plaintiffs currently have not made any claims for either

2

injunctive relief, damages, attorneys fees or costs under state disability laws, including, but not limited to California Civil Code Sections 51, 52, 54, 54.1, 54.3, and 55; et. seq., nor for negligence pursuant to California Civil Code Sections 1714(a), 2338, and 3333, and California Evidence Code Section 669(a) in this Civil Action.  Plaintiffs do specifically intend to either (1) amend this Civil Complaint to include Causes of Action for violations of state disability laws under California Civil Code Sections 51, 52, 54, 54.1, 54.3, and 55; et. seq., and for Negligence as to Plaintiff DAVID SINGLETARY only, pursuant to California Civil Code Sections 1714(a), 2338, and 3333, and California Evidence Code Section 669(a), with a demand for damages, attorneys fees and costs thereunder, or (2) specifically intend to file a Civil Action in the California Superior Court that alleges violations of state disability laws under California Civil Code Sections 51, 52, 54, 54.1, 54.3, and 55; et. seq., and for Negligence as to Plaintiff DAVID SINGLETARY only, pursuant to California Civil Code Sections 1714(a), 2338, and 3333, and California Evidence Code Section 669(a), with a demand for damages, attorneys fees and costs thereunder.

## NAMED DEFENDANTS AND NAMED PLAINTIFF

3.    Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Plaintiffs are informed and believe and thereon allege that Defendant U-HAUL CENTER OF 43RD STREET is located at 4311 El Cajon Boulevard, San Diego, CA, 92105.  Plaintiffs are informed and

3

believe and thereon allege that Defendant U-HAUL CO OF CALIFORNIA is the owner, operator, and/or lessor of U-HAUL CENTER OF 43RD STREET. Defendant U-HAUL CO OF CALIFORNIA is located at c/o Registered Agent C T Corporation Systems, 818 West 7th Street, Los Angeles, CA 90017. Plaintiffs are informed and believe and thereon allege that Defendant AMERCO REAL ESTATE CO (Company/Corporation) is the owner, operator and/or lessor of the real property located at 4311 El Cajon Boulevard, San Diego, CA, 92105; Assessor Parcel Number 471-222-30. Defendant AMERCO REAL ESTATE CO (Company/Corporation) is located at 2721 N. Central Avenue, Phoenix, CA 85004. Plaintiffs sent a notice letter to Defendants on January 18, 2005, outlining the architectural barriers stated in this Civil Complaint. U-Haul responded by stating they had no ownership interest in this property. Additionally, defendants failed to remove the architectural barriers. As a result, Plaintiffs have initiated this civil action.

4. The words Plaintiff, Plaintiffs, Plaintiff's Member, and Plaintiff's Members as used herein specifically include ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES WITH DISABILITIES, SUING ON BEHALF OF DAVID SINGELTARY AND ITS MEMBERS; and DAVID SINGELTARY, An Individual, and persons associated with ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES WITH DISABILITIES, SUING ON BEHALF OF DAVID SINGELTARY AND ITS MEMBERS; and DAVID SINGELTARY, An Individual, who accompanied them to Defendants' facilities.

5. Defendants Does 1 through 10, were at all times relevant

4

herein subsidiaries, employers, employees, agents, of U-HAUL CENTER OF 43RD STREET; U-HAUL CO OF CALIFORNIA; and AMERCO REAL ESTATE CO (Company/Corporation).  Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

6.    Plaintiffs are informed and believe, and thereon allege, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

**CONCISE SET OF FACTS**

7.    Plaintiff ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES WITH DISABILITIES is an organization that advocates on the behalf of its members with disabilities when their civil rights and liberties have been violated.  Plaintiff's member DAVID SINGELTARY is a member of Plaintiff Organization and has an impairment and due to this impairment he has learned to successfully operate a wheelchair.

8.    During July of 2004, as well as December of 2005, Plaintiff's

5

Member and Plaintiff DAVID SINGELTARY went to Defendants' U-HAUL CENTER OF 43RD STREET facilities to utilize their goods and/or services. When Plaintiff's Member and Plaintiff DAVID SINGELTARY patronized Defendants' facilities, he was unable to use and/or had difficulty using the public accommodations' disabled parking, exterior path of travel, entrance and restroom facilities at Defendants' business establishment because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG") and/or California's Title 24 Building Code Requirements. Defendants failed to remove access barriers within the disabled parking, exterior path of travel, entrance, and restroom facilities of Defendants' establishment. Plaintiff's Member and Plaintiff DAVID SINGELTARY intends to return to Defendants' facility in the immediate future.

9.    Plaintiffs sent a notice letter to Defendants on January 18, 2005, outlining the architectural barriers stated in this Civil Complaint. U-Haul responded by stating they had no ownership interest in this property. Additionally, defendants failed to remove the architectural barriers. As a result, Plaintiffs have initiated this civil action.

10.    Plaintiff's Member and Plaintiff DAVID SINGELTARY personally experienced difficulty with said access barriers at Defendants' facilities. For example, there fails to be a compliant Van Accessible parking space provided, as required. Also, there fails to be any accessible parking provided at all. Additionally, there fails to be tow-away signage posted at the driveway entrance as required.

6

11.   The exterior path of travel fails to be accessible, as the there is a loose mat at the exterior side of the entrance door. Also, there fails to be a level landing provided for a lift. Additionally, the entrance door lacks the required International Symbol of Accessibility.

12.   The restroom fails to be accessible, as the commode is too low to be accessible.  Also, there fails to be rear grab bar provided, as required.  The faucet handles require tight grasping and twisting of the wrist to operate.  The paper towel dispenser is too high to be accessible.  Lastly, the restroom door lacks the required ADA and Title 24 signage.

13.   Plaintiff and Plaintiff's Member DAVID SINGELTARY personally experienced the alleged ADA violations and/or alleged architectural barriers outlined in Paragraphs 9 through 11 above. While Plaintiff and Plaintiff's Member DAVID SINGELTARY expressly intends to return to Defendants' U-HAUL CENTER OF 43RD STREET establishment and the property that is the subject of this Complaint in the immediate future, Plaintiff and Plaintiff's Member DAVID SINGELTARY is expressly deterred from returning to the U-HAUL CENTER OF 43RD STREET establishment and the property that is the subject of this Complaint due to the existence of the architectural barriers outlined above in Paragraphs 9 through 12. Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities.  Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992.  Also, Defendants should have known that individuals

7

with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

14.    Plaintiffs believe and herein allege Defendants' facilities have access violations not directly experienced by Plaintiff's Member and Plaintiff DAVID SINGELTARY which preclude or limit access by other members of Plaintiff ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES WITH DISABILITIES or other persons with disabilities, including but not limited to violations relating to Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Accordingly, Plaintiffs allege Defendants are required to remove all architectural barriers, known or unknown.  Also, Plaintiffs allege Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

15.  Based on these facts, Plaintiffs allege they were discriminated against each time they patronized Defendants' U-HAUL CENTER OF 43RD STREET establishment.  Plaintiff's Member and Plaintiff DAVID SINGELTARY was extremely upset due to Defendants' conduct.  Further, Plaintiff's Member and Plaintiff DAVID

SINGELTARY experienced pain in his legs, back, arms, shoulders and wrists when he attempted to enter, use, and exit Defendants' establishment.

## NOTICE

16.   Plaintiffs are not required to provide notice to the defendants prior to filing a complaint.   *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000).   However, Plaintiffs sent a notice letter to Defendants on January 18, 2005, outlining the architectural barriers stated in this Civil Complaint.   U-Haul responded by stating they had no ownership interest in this property.   Additionally, defendants failed to remove the architectural barriers.   As a result, Plaintiffs have initiated this civil action.

**WHAT CLAIMS ARE PLAINTIFFS ALLEGING AGAINST EACH NAMED DEFENDANT**

17.   U-HAUL CENTER OF 43RD STREET; U-HAUL CO OF CALIFORNIA; and AMERCO REAL ESTATE CO (Company/Corporation) and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

18.   Plaintiffs aver that the Defendants are liable for the following claims as alleged below:

**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS-   **Claims Under The Americans With Disabilities Act Of 1990**

CLAIM I AGAINST ALL DEFENDANTS: **Denial Of Full And Equal Access**

19.   Plaintiffs currently have not made any claims for either injunctive relief, damages, attorneys fees or costs under state disability laws, including, but not limited to California Civil Code Sections 51, 52, 54, 54.1, 54.3, and 55; et. seq., nor for

9

negligence pursuant to California Civil Code Sections 1714(a), 2338, and 3333, and California Evidence Code Section 669(a) in this Civil Action. Plaintiffs do specifically intend to either (1) amend this Civil Complaint to include Causes of Action for violations of state disability laws under California Civil Code Sections 51, 52, 54, 54.1, 54.3, and 55; et. seq., and for Negligence as to Plaintiff DAVID SINGLETARY only, pursuant to California Civil Code Sections 1714(a), 2338, and 3333, and California Evidence Code Section 669(a), with a demand for damages, attorneys fees and costs thereunder, or (2) specifically intend to file a Civil Action in the California Superior Court that alleges violations of state disability laws under California Civil Code Sections 51, 52, 54, 54.1, 54.3, and 55; et. seq., and for Negligence as to Plaintiff DAVID SINGLETARY only, pursuant to California Civil Code Sections 1714(a), 2338, and 3333, and California Evidence Code Section 669(a), with a demand for damages, attorneys fees and costs thereunder.

20. Based on the facts plead at ¶¶ 6 - 15 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DAVID SINGELTARY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations. Plaintiffs allege Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a). Thus, Plaintiff's Member and Plaintiff DAVID SINGELTARY was subjected to discrimination in violation of 42 United States Code

12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff's Member and Plaintiff DAVID SINGELTARY was denied equal access to Defendants' existing facilities.

21. Plaintiff's Member and Plaintiff DAVID SINGELTARY has physical impairments as alleged in ¶ 6 above because his conditions affect one or more of the following body systems: neurological, musculoskeletal, special sense organs, and/or cardiovascular. Further, Plaintiff's Member and Plaintiff DAVID SINGELTARY' said physical impairments substantially limits one or more of the following major life activities: walking. In addition, Plaintiff's Member and Plaintiff DAVID SINGELTARY cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person. Moreover, Plaintiff's Member and Plaintiff DAVID SINGELTARY has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II AGAINST ALL DEFENDANTS: **Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities**

22. Based on the facts plead at ¶¶ 6 - 15 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DAVID SINGELTARY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration,

11

Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

23. Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

24. Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a). Therefore, Defendants discriminated against Plaintiffs in violation of 42 U.S.C. § 12182(a).

25. Thus, Plaintiff's Member and Plaintiff DAVID SINGELTARY was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff's Member and Plaintiff DAVID SINGELTARY was denied equal access to Defendants' existing facilities.

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

26. Based on the facts plead at ¶¶ 6 - 15 above and elsewhere in

this complaint, Plaintiff's Member and Plaintiff DAVID SINGELTARY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a). Plaintiffs are informed, believe, and thus allege that architectural barriers which are structural in nature exist within the following physical elements of Defendants' facilities: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).] Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination. [See 42 United States Code 12182(b)(2)(A)(iv).] Thus, Plaintiff's Member and Plaintiff DAVID SINGELTARY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because they were denied equal access to Defendants' existing facilities.

13

CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And Procedures**

27.   Based on the facts plead at ¶¶ 6 - 15 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiffs and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a).   Thus, Plaintiff's Member and Plaintiff DAVID SINGELTARY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff's Member and Plaintiff DAVID SINGELTARY was denied equal access to Defendants' existing facilities.

28.   Based on the facts plead at ¶¶ 6 - 15 above, Claims I, II, and III of Plaintiff's First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiffs will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation.   Plaintiffs allege that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiffs and a substantial segment of the disability community.   Plaintiffs allege there is a national public interest in requiring accessibility in places of public accommodation.   Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants.   Plaintiffs desire to return to Defendants' places of business in the immediate future.   Accordingly, the Plaintiffs allege that a structural or mandatory injunction is necessary to

14

enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

29.    WHEREFORE, Plaintiffs pray for judgment and relief as hereinafter set forth.

### DEMAND FOR JUDGMENT FOR RELIEF:

A.    For injunctive relief pursuant to 42 U.S.C. § 12188(a). Plaintiffs request this Court enjoin Defendants to remove all architectural barriers in, at, or on their facilities related to the following: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

B.    For attorneys' fees pursuant to 42 U.S.C. § 1988 and42 U.S.C. § 12205;

C.    A Jury Trial and;

D.    For such other further relief as the court deems proper.

Respectfully submitted:

PINNOCK & WAKEFIELD, A.P.C.

Dated:      January 19, 2006

By:_____

THEODORE A. PINNOCK, ESQ.
Attorneys for Plaintiffs

15

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES WITH DISABILITIES SUING ON BEHALF OF DAVID SINGLETARY AND ITS MEMBERS; and DAVID SINGLETARY, An Individual | DEFENDANTS U-HAUL CENTER OF 43RD STREET; U-HAUL CO OF CALIFORNIA; AMERCO REAL ESTATE CO (Company/Corporation); And DOES 1 THROUGH 10, Inclusive 06 JAN 20 AM 9:20 |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Diego, CA (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT, San Diego, CA (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED DEPUTY |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Theodore A. Pinnock, Esq.   SBN 153434 Michelle L. Wakefield, Esq.   SBN 200424 Pinnock & Wakefield, A.P.C. 3033 Fifth Avenue, Suite 410, San Diego, California 92103 Telephone: (619) 858-3671; Facsimile: (619) 858-3646 | ATTORNEYS (IF KNOWN) '06CV 0132 L · CAB |

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)        FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT DEF |  | PT DEF |
|---|---|---|---|
| Citizen of This State | ☐1 ☐1 | Incorporated or Principal Place of Business in This State | ☐4 ☐4 |
| Citizen of Another State | ☐2 ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 ☐3 | Foreign Nation | ☐6 ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

42 U.S.C. Sections 12101-12102, 12181-12183, and 12201, Et. Seq.

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure Of Property 21 USC 881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Intrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $ TO BE DETERMINED AT TRIAL

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):   JUDGE                       Docket Number

DATE   January 19, 2006

SIGNATURE OF ATTORNEY OF RECORD

PAID $250°° 1/20/06

BH  RCPT #120556